UNITED STATES, Appellee

v.

John C. ALSTON, Specialist
U.S. Army, Appellant

No. 10-0172

Crim. App. No. 20080504

United States Court of Appeals for the Armed Forces

Argued October 4, 2010

Decided November 19, 2010

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant: Lieutenant Colonel Jonathan F. Potter (argued);
Colonel Mark Tellitocci, Lieutenant Colonel Matthew Miller, and
Major Grace M. Gallagher (on brief), Major Timothy W. Thomas and
Major Peter Kageliery Jr.

For Appellee: Captain Madeline F. Yanford (argued); Colonel
Norman F. J. Allen III, Lieutenant Colonel Martha L. Foss, and
Major Christopher B. Burgess (on brief); Major LaJohnne A.
White.


Military Judge: John Saunders


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Alston, No.10-0172/AR

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members found Appellant not guilty of rape but guilty of aggravated sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for 181 days, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The United States Army Court of Criminal Appeals affirmed. United States v. Alston, NO. ARMY 20080504, 2009 CCA LEXIS 439, 2009 WL 6832586 (A. Ct. Crim. App. Nov. 19, 2009) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE, OVER APPELLANT'S OBJECTION, ERRONEOUSLY INSTRUCTED THE PANEL THAT AGGRAVATED SEXUAL ASSAULT WAS A LESSER INCLUDED OFFENSE OF RAPE BY FORCE.

For the reasons set forth below, we hold that the military judge properly instructed the panel with respect to the lesser included offense.

I.   BACKGROUND

At Appellant's court-martial, the charge at issue alleged that he caused Private E-2 (PV2) T, a fellow soldier, to "engage in a sexual act, to wit:  penetration of her vagina with his fingers by using power or strength or restraint applied to her person sufficient that she could not avoid or escape the sexual conduct."  The charge alleged the offense of rape by force under Article 120(a), UCMJ.  See 10 U.S.C. § 120(a) (setting forth various acts constituting the offense of rape, including under paragraph (1), "caus[ing] another person of any age to engage in a sexual act by . . . using force against that other person"); id. Article 120(t)(1) (defining the term "sexual act" as including, under subparagraph (B), "the penetration, however slight, of the genital opening of another by a hand or finger or by an object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person"); id. Article 120(t)(5) (defining the term "force" as including, under subparagraph (C), "action to compel submission of another or to overcome or prevent another's resistance by . . . physical violence, strength, power, or restraint applied to another person, sufficient that the other person could not avoid or escape the sexual conduct").

The primary prosecution witness, PV2 T, testified that she invited Appellant to her room to watch a movie.  She had been

involved in a social and romantic relationship with Appellant for the past few weeks, and during the evening they engaged in consensual kissing. After some time Appellant attempted to remove PV2 T's pants, and in response she stated that she did not want her pants removed and attempted to resist. Eventually, Appellant removed PV2 T's pants and began to digitally penetrate her vagina with his fingers. PV2 T tried to cover her vaginal area, but testified that she was unable to block Appellant's movements. Appellant then asked if he could engage in sexual intercourse with her, whereupon PV2 T made a "noise like a crying, whimpering noise." At this point Appellant removed his fingers from her vagina and asked if she was going to cry. When PV2 T responded that she was not, Appellant hugged her and left the room. Two days later, PV2 T reported the incident to her chain of command.

The defense, at trial, disputed the prosecution's view of the evidence. The defense contended that Appellant and PV2 T had engaged in consensual romantic activity, and that Appellant ceased his advances as soon as he sensed PV2 T's desire to stop.

The military judge instructed the members on the elements of rape prior to deliberation by the panel on findings. He further instructed the members, over defense objection, that they could consider whether Appellant was guilty of a lesser included offense, aggravated sexual assault. See Article 120(c)

(setting forth various acts constituting the offense of aggravated sexual assault, including, under subparagraph (1)(B), "caus[ing] another person of any age to engage in a sexual act by . . . causing bodily harm"); id. Article 120(t)(8) (defining the term "bodily harm" as meaning "any offensive touching, however slight").  The members found Appellant not guilty of rape by force but guilty of aggravated sexual assault.

## II.  DISCUSSION

On appeal, Appellant contends that his conviction for the offense of aggravated sexual assault should be set aside because he did not have adequate notice that he would be required to defend against that offense at trial.  In support of this contention, Appellant takes the position that aggravated sexual assault is not a lesser included offense within the charged offense, rape by force.

The test for determining lesser included offenses under the UCMJ provides in pertinent part that "[a]n accused may be found guilty of an offense necessarily included in the offense charged."  Article 79, UCMJ, 10 U.S.C. § 879 (2006).  A similar provision applies in federal civilian criminal trials.  See Fed. R. Crim. P. 31(c)(1).  The Supreme Court has articulated an "elements" test with regard to interpreting the federal civilian rule, stating that "one offense is not 'necessarily included' in

another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction [regarding a lesser included offense] is to be given." United States v. Schmuck, 489 U.S. 705, 716 (1989). This approach "permits lesser offense instructions only in those cases where the indictment contains the elements of both offenses," and as a result "gives notice to the defendant that he may be convicted on either charge." Id. at 718. The elements test does not require that the two offenses at issue employ identical statutory language. Instead, the meaning of the offenses is ascertained by applying the "normal principles of statutory construction." See Carter v. United States, 530 U.S. 255, 263 (2000).

We have applied the elements test in the course of determining whether an offense is "necessarily included" within another offense for purposes of Article 79, UCMJ. See United States v. Jones, 68 M.J. 465, 472 (C.A.A.F. 2010). Appellant suggests that we should treat as significant the fact that the Manual for Courts-Martial (MCM), in providing guidance regarding the offense of rape, does not list aggravated sexual assault as a lesser included offense with respect to rape by force. See MCM pt. IV, para. 45.e.(1)(a) (2008 ed.). The MCM, however, expressly notes that the listing of lesser included offenses in

the MCM is "not all-inclusive." Id. pt. IV, para. 3.b.(4).

Under these circumstances, we resolve the question before us by

applying the elements test to compare the two offenses.

The offense of aggravated sexual assault, in the context of

the charge at issue in the present case, has two elements:  (1)

causing another to engage in a sexual act, and (2) causing

bodily harm.  See Article 120(c)(1)(B).  The first element --

causing another person "to engage in a sexual act" -- is the

same for both the charged offense, rape by force, and the

offense of which Appellant was convicted, aggravated sexual

assault.  Compare Article 120(a), with Article 120(c)(1).

The second element of aggravated sexual assault -- "causing

bodily harm" under Article 120(c)(1)(B) -- means "any offensive

touching of another, however slight."  Article 120(t)(8).  The

parallel element in the offense of rape as charged in the

present case -- using "force" under Article 120(a)(1) -- means

"action to compel submission of another or to overcome or

prevent another's resistance by . . . physical violence,

strength, power, or restraint applied to another person,

sufficient that the other person could not avoid or escape the

sexual conduct."  Article 120(t)(5)(C).

The bodily harm element of aggravated sexual assault under

Article 120(c) -- defined in Article 120(t)(8) to include an

offensive touching, however slight -- is a subset of the force

7

element in the offense of rape under Article 120(a), as defined in Article 120(t)(5)(C).  We note that the definitions of force in Article 120(t)(5)(A) and Article 120(t)(5)(B), which do not require an offensive touching, are not at issue in the present case.

Each circumstance set forth in Article 120(t)(5)(C) describes an act of force applied by one person against another person involving sufficient power to compel submission or overcome or prevent resistance.  Applying the common and ordinary understanding of the words in the statute, each act of force described in Article 120(t)(5)(C), at a minimum, includes an offensive touching that satisfies the bodily harm element of Article 120(t)(8).  See Carter, 530 U.S. at 263; 2A Norman J. Singer & J. D. S. Singer, Statutes and Statutory Construction 149-50 (7th ed. 2007) (explaining that "words used in [a] statute will be given their common, ordinary and accepted meaning, and the plain language of the statute should be afforded its plain meaning").  Under these circumstances the military judge appropriately concluded that the lesser included offense instruction should be given in this case, notwithstanding the defense objection.  See Rule for Courts-Martial 920(e)(2) (requiring the military judge to instruct the members on lesser included offenses).

## III.  DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.