**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5112**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

GREGORY THOMAS MYERS, a/k/a Dr. Gregory T. Myers, d/b/a
Gregory T. Myers, P.C.,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:07-cr-00255)

─────────────

Submitted:  October 15, 2010     Decided:  November 22, 2010

─────────────

Before KING, SHEDD, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James B. Craven, III, Durham, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory T. Myers appeals the seventy-one month sentence imposed by the district court after he pled guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341 (2006), and one count of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2, 1341 (2006). On appeal, Myers argues that the district court committed procedural error in allowing his ex-wife to make an unsworn statement at sentencing because she was not a crime victim as that term is defined under 18 U.S.C. § 3771 (2006). Myers further contends that the district court erred in not placing the witness under oath prior to her statement, and not allowing him an opportunity to cross-examine her. The Government argues that the witness was a crime victim because she was affected by Myers's crime. The Government also argues that even if the witness was not a crime victim, her statement was relevant to Myers's background, conduct, and character, and the district court properly admitted the statement for the purpose of fashioning an appropriate sentence under 18 U.S.C. § 3661 (2006).

We review a sentence for reasonableness, using an abuse of discretion standard of review. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Similarly, a district court's rulings regarding the admission or exclusion of evidence will not be reversed absent an abuse of discretion.

2

United States v. Stitt, 250 F.3d 878, 896 (4th Cir. 2001). A district court "abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). Evidentiary rulings are also subject to review for harmless error under Fed. R. Crim. P. 52(a), and will be found harmless if the reviewing court can conclude, "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotations and citation omitted).

Under the Crime Victims Rights Act ("CVRA"), a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). A crime victim is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). We need not determine, however, whether the witness was a crime victim under 18 U.S.C. § 3771, as it is clear that her statement was admissible for the purpose of imposing an appropriate sentence under 18 U.S.C. § 3661.

Under 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of

3

imposing an appropriate sentence." After a thorough review of the record, we conclude that the witness's statement was relevant to Myers's background, character, and conduct, and was thus admissible for the purpose of imposing an appropriate sentence. While Myers generally objected to the admissibility of the statement in the district court, he did not ask that the witness be sworn prior to making the statement. Nor did he ask for an opportunity to cross-examine her or argue that her statement was somehow unreliable. Issues raised for the first time on appeal are subject to review for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error, Myers "must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Here, even assuming error, we find that Myers has not shown that the error affected his substantial rights.

Accordingly, we affirm Myers's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4