**UNITED STATES**

v.

**Technical Sergeant Tracy L. McLEAN, United States Air Force.**

**ACM 37430.**

U.S. Air Force Court of Criminal Appeals.

Sentence adjudged 6 Nov. 2008.

27 July 2011.

---

Appellate Counsel for the Appellant: Lieutenant Colonel Gail E. Crawford, Major Shannon A. Bennett, Major Bryan A. Bonner, and Captain Andrew J. Unsicker.

Appellate Counsel for the United States: Colonel Don M. Christensen, Lieutenant Colonel Jeremy S. Weber, Major Michael A. Burnat, Major Charles G. Warren and Gerald R. Bruce, Esquire.

Before BRAND, GREGORY, and ROAN, Appellate Military Judges.

## OPINION OF THE COURT

GREGORY, Senior Judge:

A general court-martial composed of officer and enlisted members acquitted the appellant of maiming his infant son, in violation of Article 124, UCMJ, 10 U.S.C. § 924, but convicted him contrary to his plea of the lesser included offense of aggravated assault, in violation of Article 128, UCMJ, 10 U.S.C. § 928.[1] The court sentenced him to a bad-conduct discharge, confinement for 2 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the sentence adjudged except for suspending the adjudged forfeitures for the benefit of the appellant's family. The appellant raises two issues: (1) Whether the military judge erred by instructing that aggravated assault is a lesser included offense of maiming; and (2) Whether the appellant was unlawfully punished prior to trial in violation of Article 13, UCMJ, 10 U.S.C. § 813. Finding no error prejudicial to the substantial rights of the appellant, we affirm.

1. The appellant was acquitted of a second charge of aggravated assault on the same victim.

2. The appellant argues that his trial defense counsel "never expressly stated" that the evidence raised this lesser included offense. The record refutes this semantic attempt to place

### Background

In February 2007, the appellant and his wife took their two-month old son to the emergency room after the baby became limp and unresponsive. Medical tests revealed multiple skull and rib fractures, bleeding in the brain, and bleeding in the left eye. When the appellant's first sergeant arrived to assist the family, the appellant told her, "Shirt, help me. I didn't mean to and it's all my fault." He made further admissions to investigators later that night, stating in his own handwriting:

My actions are ghastly even I have trouble coming to grips with what I have inflicted upon my youngest son ... After walking into the room 1 or 2 days ago I tried to console him. He became upset and I nudged him to try and calm him. He became even more upset. I began to strike him repeatedly about his body and head....

Expert medical testimony corroborated the appellant's confession to assaulting his infant son. The verdict shows that court members rejected the appellant's testimony that he made a false confession to protect his wife.

### The Lesser Included Offense

■ We review de novo whether an offense is included in another greater offense. *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F.2009). The military judge instructed without objection[2] that the members could consider aggravated assault and assault consummated by a battery on a child as lesser included offenses of maiming. The members convicted the appellant of the lesser offense of aggravated assault, and the appellant now attacks this instruction on two bases. First, he argues that the military judge erred in giving the instruction because aggravated assault by force as instructed by the military judge is not specifically listed in the Manual for Courts–Martial (MCM) as a lesser offense of maiming. Second, the ap-

form over substance. After reviewing the proposed lesser included offenses with counsel, the military judge asked, "And do both counsel agree that those are the lesser included offenses that I should instruct the members?" The appellant's senior defense counsel replied, "Yes, sir."

pellant argues that the lesser included offense instruction on aggravated assault violated the elements test for determining when one offense is included in another. We disagree.

We first address his argument concerning the listing of lesser offenses in the MCM. The appellant states that "only *assault with a dangerous weapon* and assault intentionally inflicting grievous bodily harm" are listed as lesser included offenses of maiming (emphasis added). Therefore, he argues, the military judge erred by instructing on assault *by other means of force* likely to produce death or grievous bodily harm as a lesser included offense. This argument is unpersuasive. First, whether or not an offense is listed in the MCM as a lesser included offense is not dispositive because the MCM expressly states that such lists are "not all-inclusive." *Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 3.b.(4) (2005 ed.). Second, he fails to note that "assault with a dangerous weapon" as listed under maiming is obviously an abbreviated form of the only corresponding aggravated assault offense: "Assault with a dangerous weapon *or other means of force* likely to produce death or grievous bodily harm." *MCM*, Part IV, ¶ 54.b.(4)(a) (emphasis added). He appears to acknowledge this by arguing that "[e]ven if it were construed" as including aggravated assault by other means of force, the listing of lesser included offenses in the MCM is, again, not dispositive. In this he is correct, and we now turn to the primary basis of his attack on the lesser offense: whether the military judge's instruction violated the elements test.

To determine whether a charged offense provides sufficient notice of some other offense, both the United States Supreme Court and the Court of Appeals for the Armed Forces apply an elements test which analyzes whether the elements of the lesser offense are a subset of the charged offense:

> Under the elements test, one compares the elements of each offense. If all of the elements of offense X are also elements of offense Y, then X is an LIO of Y. Offense Y is called the greater offense because it contains all of the elements of offense X

along with one or more additional elements.

*United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F.2010) (citing *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)). Put another way, the Court in *Schmuck* explained: "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." *Schmuck*, 489 U.S. at 719, 109 S.Ct. 1443. Normal principles of statutory construction determine whether words used in the elements of a charged offense may include other though not expressly stated words in the elements of a lesser included offense. *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F.2010) (citing *Carter v. United States*, 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000)).

For example, the Court in *Alston*, 69 M.J. at 216, held that the "force" required for a charged rape necessarily included the element of "bodily harm" required for a lesser included offense of aggravated sexual assault. Applying these principles to the facts and circumstances of the present case, we find that the military judge did not err by instructing that aggravated assault is a lesser included offense of the charged maiming.

The appellant was charged with maiming his infant son by "repeatedly striking him and thereby disabling his left eye" in February 2007. As alleged, this offense requires proof of three elements:

1. The appellant inflicted injury on his infant son by repeatedly striking him;

2. The injury disabled his son's left eye; and

3. The appellant had the specific intent to inflict the injury

*See MCM*, Part IV, ¶ 50.b. The lesser included offense of aggravated assault required proof of four elements:

1. The appellant did bodily harm to his infant son;

2. The appellant did so by repeatedly striking him;

3. The bodily harm was done with unlawful force or violence; and

4. The force was used in a manner likely to produce death or grievous bodily harm [3]

*See MCM,* Part IV, ¶ 54.b.(4). A comparison of these elements using the normal principles of statutory construction shows that the elements of aggravated assault are a subset of the alleged maiming.

First, the lesser offense requires that the appellant inflict bodily harm on his infant son with unlawful force and violence by repeatedly striking him while the greater offense requires that the appellant intentionally inflict injury on his infant son by repeatedly striking him. Similar to the finding in *Alston* that an element of bodily harm is a subset of an element alleging force, we find that the unlawful infliction of bodily harm required for conviction of the lesser offense is a subset of the intentional infliction of injury required for conviction of the greater offense. Second, both offenses allege that the appellant is the perpetrator and his infant son is the victim. Third, both offenses allege that the appellant committed the bodily harm by repeatedly striking his infant son. Fourth, the likelihood of grievous bodily harm required for conviction of the lesser offense is a subset of the actual injury of disabling his son's eye as alleged in the greater offense. The greater offense, therefore, requires proof of all the elements alleged in the lesser offense.

The elements test provided by *Schmuck* affirms this interpretation. A comparison of the elements alleged in this case shows that the appellant could not commit the offense of maiming his child without also committing an aggravated assault on him: if he disabled his child's eye by repeatedly striking him with the intent to cause injury as required by the elements of maiming, then he necessarily did bodily harm to his child by repeatedly striking him in a manner likely to cause grievous bodily harm. Clearly, as alleged in this case,

the elements of aggravated assault are a subset of the charged maiming, and the military judge did not err by instructing on the lesser included offense of aggravated assault.

This interpretation of the common and ordinary understanding of the words used in the respective offenses is also in accord with the interpretation of the parties at trial. First, both counsel agreed with the military judge's determination that the evidence on the maiming charge raised two lesser included offenses: (1) aggravated assault with the means or force likely to produce death or grievous bodily harm; and (2) assault consummated by a battery on a child younger than 16 years. The government presented extensive evidence of the injury to the victim's eye, and the military judge instructed the members that aggravated assault required that force be used in a manner likely to cause death or grievous bodily harm. Clearly, the evidence on the eye injury applied to both the actual disabling injury required for maiming as well as the likelihood of grievous bodily harm required for aggravated assault, and the military judge correctly explained that maiming required proof that the injury disabled or destroyed a body part whereas aggravated assault does not.

Second, appellant's trial defense counsel used this distinction in his argument, and, contrary to the appellant's lack of notice claim made on appeal, argued in the alternative for the lesser included offense which the appellant now attacks:

> But one thing you must consider, if you do find that in any way he assaulted his son, the government has utterly failed to prove the offense of maiming ... [W]hen you consider the element, that the injury destroyed or disabled a body part of [the victim], namely his left eye, consider the testimony that you heard from really the only expert that addressed that issue, the eye, the ophthalmologist, Doctor [B]. And

---

**3.** Apparently, using the 2008 Manual for Courts–Martial (MCM) elements, the military judge included a fifth element that required proof the victim was a child under the age of 16 years. *Manual for Courts–Martial, United States (MCM),* Part IV, ¶ 54.b.(4)(a)(vi) (2008 ed.). This fifth element is a punishment enhancer authorized by the 2008 MCM. Since the offense occurred in 2007, this punishment enhancer does not apply; however, the military judge correctly instructed on the maximum punishment for aggravated assault under the 2005 MCM. *MCM,* Part IV, ¶ 54.b.(4) (2005 ed.). Therefore, the additional element had no impact on the case and is simply redundant with the victim identified in the specification.

what did he describe to you? The government talked about a permanent scar. There is a microscopic scar on [the victim's] retina that their own expert told you may or may not cause any kind of vision loss. On cross-examination he said it was entirely possible that there will be no vision loss. So when you consider whether the government proved to you beyond a reasonable doubt [the victim's] eye was destroyed or disabled, the evidence clearly fails to meet that element.

Trial defense counsel's argument effectively shows that the charged offense of maiming put the defense on notice of the lesser included offenses; his theory focused on a lack of proof rather than a lack of notice. Clearly, repeatedly striking an infant on the head is an act likely to cause grievous bodily harm sufficient for notice to the appellant that he must defend against an assault by a means likely to cause such harm. Under these circumstances, we find that the military judge properly instructed the members to consider aggravated assault by means of force likely to cause grievous bodily harm as a lesser included offense of the charged maiming. Rule for Courts–Martial 920(e)(2); *United States v. Miergrimado*, 66 M.J. 34, 36 (C.A.A.F.2008) (military judge has sua sponte duty to instruct on lesser included offenses raised by the evidence even where the defense strategy is "all or nothing").

### Unlawful Pretrial Punishment

The military judge asked both the appellant and his counsel if the appellant had "been punished in any way prior to trial that would constitute illegal pretrial punishment under Article 13," and both affirmed that he had not. Despite this express disclaimer, he now argues that after the assault on his child he was subjected to illegal pretrial punishment by being directed to reside in Airman's Quarters where he "had to share latrine and laundry facilities" with other Airmen. Although he mentioned this and other matters to support a clemency request, even then neither he nor his counsel claimed any illegal pretrial punishment.

 We review de novo whether an appellant is entitled to sentence credit for a violation of Article 13, UCMJ. *United States*

*v. Mosby*, 56 M.J. 309, 310 (C.A.A.F.2002). Failure to seek sentence relief for violations of Article 13 at trial waives the issue on appeal absent plain error. *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F.2003). Further, failure to complain of such conditions before trial is "strong evidence" that the conditions did not constitute illegal punishment. *United States v. Palmiter*, 20 M.J. 90, 97 (C.M.A.1985).

 Plain error requires (1) a showing of error; (2) that such error was plain, clear, or obvious; and (3) that the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732–735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Considering the express disclaimers by both the appellant and his counsel of any illegal pretrial punishment as well as the acknowledgment that the restriction to base referenced on the charge sheet did not warrant any pretrial confinement credit, the military judge had nothing to indicate that the appellant had been illegally punished and, in fact, had every reason to believe that he had not. We find, therefore, no plain, clear, or obvious error. Even had the issue not been waived, we do not find the conditions cited by the appellant sufficient to show illegal pretrial punishment: sharing latrine and laundry facilities with junior airmen in a dormitory environment is hardly the "shaming ritual" that occurred in *United States v. Cruz*, 25 M.J. 326 (C.M.A.1987), the case cited by the appellant to support his claim.

### Post–Trial Delay

In this case, the overall delay of over 900 days between the trial and completion of review by this Court is facially unreasonable. Because the delay is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *See also United States v. Moreno*, 63 M.J. 129, 135–36 (C.A.A.F.2006). When we assume error, but are able to directly conclude that any error was harmless beyond a reasonable

doubt, we do not need engage in a separate analysis of each factor. *See United States v. Allison,* 63 M.J. 365, 370 (C.A.A.F.2006). This approach is appropriate in the appellant's case. Having considered the totality of the circumstances and entire record, we conclude that any denial of the appellant's right to speedy post-trial review and his appeal was harmless beyond a reasonable doubt and that no relief is warranted.

### Conclusion

The approved findings and the sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and the sentence are

AFFIRMED.