# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant WILLIAM L. WAREHAM
### United States Air Force

## ACM 38820

## 20 October 2016

Sentence adjudged 25 March 2015 by GCM convened at Hill Air Force Base, Utah. Military Judge: Shelly W. Schools (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 45 days, and reduction to E-1.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

DUBRISKE, HARDING, and C. BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

C. BROWN, Judge:

In accordance with his pleas, Appellant was convicted by a military judge sitting alone of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928, and obstruction of justice in violation of Article 134, UCMJ, 10 U.S.C. § 934. Relevant to this appeal, Appellant was originally charged with two specifications of aggravated sexual assault and one specification of indecent acts, all in violation of Article

120, UCMJ, 10 U.S.C. § 920.[1]  Pursuant to a pretrial agreement (PTA), Appellant pleaded not guilty to one specification each of aggravated sexual assault and indecent acts. Regarding the second sexual assault specification, Appellant pleaded not guilty to the greater offense of aggravated sexual assault but guilty to the lesser included offense (LIO) of assault consummated by a battery by exceptions and substitutions as to the date of the offense and the physical act committed on the body of the victim.  After a providence inquiry, the military judge found Appellant not guilty of the greater offense including the excepted language, but guilty of the LIO including the substituted language.  Although the PTA required the government to withdraw and dismiss the remaining specifications to which Appellant pleaded not guilty, the military judge instead announced a not guilty finding to these additional specifications of aggravated sexual assault and indecent acts.

Appellant was sentenced to a bad-conduct discharge, 45 days' confinement, and reduction to E-1.  The convening authority approved the adjudged sentence, but deferred the adjudged reduction until action and waived mandatory forfeitures for the benefit of Appellant's dependents.

Appellant now asserts that his plea was improvident because assault consummated by a battery is not an LIO of aggravated sexual assault and that his right to due process of law was violated when the military judge considered, over defense objection, an oral unsworn statement from the victim in sentencing.  Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

The genesis of the offenses, as originally alleged, was an incident where Appellant had sexual intercourse and digitally penetrated his estranged wife (now ex-wife), SS, and then took pictures of her in a partially undressed state, all without her consent.  The victim claimed she was unable to consent to the penetration offenses due to her consumption of prescription medication, and she was unable to consent to the photos because she was asleep when they were taken.

After arraignment and a continuance, an additional charge of obstruction of justice was referred.  The obstruction offense stemmed from Appellant buying a disposable cellular phone and creating an account profile using the victim's personal information to make it appear to be the victim's phone.  Appellant then sent an exculpatory text message to himself from the phone.  Appellant hoped to create false exculpatory evidence in order to escape the consequences of his court-martial.  He showed this message to his assistant first sergeant, his Area Defense Counsel, an Air Force Office of Special Investigation agent, and he hired a private investigative firm to find out who sent the message. Ultimately, Appellant's ruse was uncovered when the government found video footage of

---

[1] These specifications were based on the 2008 *Manual for Courts-Martial* version of Article 120, UCMJ, 10 U.S.C. § 920.

Appellant purchasing the phone used to send the false text message.

As the case progressed through motions practice, Appellant and the convening authority entered into a PTA. In accordance with the PTA, Appellant pleaded not guilty to the penetration offenses and the specification alleging he took photos of the victim without her consent. Appellant pleaded guilty to one specification of assault consummated by a battery as an LIO of aggravated sexual assault.

To effectuate his plea to the LIO, Appellant excepted the following words from the specification: "cause [SS] to engage in a sexual act, to wit: penetrating [SS]'s vulva with his fingers by causing bodily harm to her, to wit: penetrating [SS]'s vulva with his fingers without her consent." Appellant then pleaded guilty to the substituted words: "unlawfully touch and move the body of [SS] with his hands."

The charge sheet was not changed to reflect the substituted language of the LIO. The facts underlying the LIO were Appellant moving and positioning the sleeping victim so he could take pictures of her and save them as a memento of their relationship. Appellant also agreed to plead guilty to the obstruction of justice offense and to be tried by a military judge sitting alone. In return, the convening authority agreed to forgo presenting evidence on the aggravated sexual assault offense as originally charged.

*Appellant's Plea to the Lesser Included Offense*

Appellant's first assignment of error alleges assault consummated by a battery is not an LIO of the charged offense, aggravated sexual assault, and thus asserts the court must set aside the finding and dismiss the specification.

Whether an offense is an LIO is a question of law that is reviewed de novo. *United States v. Tunstall,* 72 M.J. 191, 193 (C.A.A.F. 2013) (citing *United States v. Girouard*, 70 M.J. 5, 9 (C.A.A.F. 2001)). Under Article 79, UCMJ, 10 U.S.C. § 879, "[a]n accused may be found guilty of an offense necessarily included in the offense charged." The Court of Appeals for the Armed Forces (CAAF) has found that interpreting Article 79, UCMJ, "to require the elements test for LIOs has the constitutionally sound consequence of ensuring that one can determine ex ante—solely from what one is charged with—all that one may need to defend against." *United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). The United States Supreme Court has articulated an elements test for interpreting the rule in federal civilian criminal trials stating that "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction [regarding a lesser included offense] is to be given." *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010) (alteration in original) (quoting *Schmuck v. United States*, 489 U.S. 705, 716 (1989)). CAAF has held that "[t]he due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be convicted; an LIO meets this notice requirement if 'it is a subset of the

greater offense alleged.'" *Jones*, 68 M.J. at 468 (quoting *United States v. Medina*, 66 M.J. 21, 26–27 (C.A.A.F. 2008)).

Notably, "[t]he elements test does not require that the two offenses at issue employ identical statutory language." *Alston*, 69 M.J. at 216. Instead, after applying the "normal principles of statutory construction," the question is whether the elements of the alleged LIO are a subset of the elements for the charged offense. *Id.* (citing *Carter v. United States*, 530 U.S. 255, 263 (2000)).

Thus, we must determine the elements of both the charged offense and the alleged LIO by applying the principles of statutory construction and comparing the elements of the two offenses to see if the latter is a subset of the former.

The elements of aggravated sexual assault as charged in this case are: (1) that Appellant caused SS to engage in a sexual act, to wit: penetrating SS's vulva with his fingers; and (2) that Appellant did so by causing bodily harm to SS, to wit: penetrating SS's vulva with his fingers without her consent. Bodily harm means "any offensive touching of another, however slight." *Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 45.a.(t)(8) (2008 ed.). A "sexual act" is defined as "the penetration however slight of the genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person." *MCM*, pt. IV, ¶ 45.a.(t)(1).

The elements of assault consummated by a battery, the LIO, are: (1) that Appellant did bodily harm to SS; (2) that Appellant did so by touching and moving the body of SS with his hands; and (3) that the bodily harm was done with unlawful force or violence. An assault is "an attempt or offer with unlawful force or violence to do bodily harm to another, whether or not the attempt or offer is consummated. It must be done without legal justification or excuse and without the lawful consent of the person affected." *MCM*, pt. IV, ¶ 54.c.(1)(a).

Appellant cites the elements test in *United States v. Riggins*, 75 M.J. 78 (C.A.A.F. 2016), and argues that the greater offense does not contain all of the elements of the LIO because consent was not an element of aggravated sexual assault under Article 120, UCMJ, as the statute existed on 22 April 2012.

Appellant's contention that consent was not a part of the applicable statute during the relevant time period appears valid as the offense occurred prior to the statute changing on 28 June 2012. However, it is critical to note that the government charged the offense as causing bodily harm to the victim by "penetrating SS's vulva with his fingers *without her consent*" (emphasis added). By charging the offense in this manner, the government undertook having to prove consent beyond a reasonable doubt if they were to obtain a conviction on the specification. As charged, Appellant cannot claim he was not on notice

that consent was at issue in the offense. When comparing the elements of aggravated sexual assault as charged in this case and assault consummated by a battery as pleaded guilty to by Appellant, the government necessarily had to prove all of the elements of the LIO in order to prove the elements of the greater offense. For example, in order to prove Appellant committed the sexual act of penetrating the victim's vulva with his fingers without her consent, the government necessarily had to prove Appellant in some way touched SS's body without her consent. Despite the difference in language of the bodily harm, we find the elements of the LIO are a subset of the greater offense based on the facts of this case.

In claiming error, Appellant appears to misread CAAF's holding in *Riggins* by contending that assault consummated by a battery may never be an LIO of sexual assault as the statute existed at the time. On the contrary, CAAF noted in *Riggins* that their decision "does not foreclose the possibility that in other cases the government may charge an accused with sexual assault and/or abusive sexual contact in such a manner that assault consummated by a battery may be a lesser included offense." *Riggins*, 75 M.J. at 85 n.7. As CAAF stated, "[a] specification placing the accused on notice of fear of bodily harm and raising the issue of consent may well lead to a different result than the one here." *Id.*

Even aside from our LIO analysis, Appellant's provident plea leads to the same result. Our superior court held in *United States v. Wilkins*, 29 M.J. 424 (C.M.A. 1990) and *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012) that when a convening authority referred one offense to court-martial but entered into a PTA to accept a guilty plea to a different charge that is not an LIO of the original charge, the PTA was a "functional equivalent" of a referral.

The change in the charge sheet from a violation of Article 120, UCMJ, to a violation of Article 128, UCMJ, would qualify as a major change. *See* Rule for Courts-Martial (R.C.M.) 603(a). In this case, the original charge sheet was not amended to reflect the LIO or the excepted and substituted language. As CAAF noted in *Ballan*, "R.C.M. 603(d) provides that major '[c]hanges or amendments to charges or specifications . . . may not be made over the objection of the accused unless the charge or specification affected is preferred anew." *Ballan*, 71 M.J. at 32. In *Ballan*, the accused not only did not object to the proposed the change in his PTA, he explained to the military judge why he was guilty before the plea was accepted, and he benefited from the change. *Id*. Presented with similar facts here, we view Appellant's actions as agreeing to an amendment to the charge and specification even though the charge sheet itself was not physically amended. *Id.*; *Jones, 68 M.J. at 473*; *see also Wilkins*, 29 M.J. at 424 (noting that an appellant can waive both the staff judge advocate's opinion required by Article 34, UCMJ, 10 U.S.C. § 834, and the "swearing to the charges against him, as long as it was clear what charges were to be considered by the court-martial.") (citing R.C.M. 603(d)). The facts of this case are analogous to those in *Ballan* and *Wilkins*, and we accordingly find Appellant agreed to the amended charge and specification even though the charge sheet was never amended at trial.

Appellant's contention the court may not affirm the findings on an LIO that was not part of the greater offense raises the question of whether Appellant's constitutional right to notice was violated. "The Constitution requires that an accused be on notice as to the offense that must be defended against, and that only lesser included offenses that meet these notice requirements may be affirmed by an appellate court." *United States v. Miller*, 67 M.J. 385, 388 (C.A.A.F. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 314 (1979)).

Here, Appellant was clearly on notice of what he needed to defend against during his court-martial. As our superior court held in *Jones*, "an accused may be convicted of uncharged LIOs precisely because they are deemed to have notice." *Jones, 68 M.J. at 468* (citing *United States v. Medina*, 66 M.J. 21, 27 (C.A.A.F. 2008)). Appellant proposed the language to be substituted for the assault consummated by a battery specification, pleaded guilty to the language, and derived a benefit from his plea in that more serious charges were dismissed. For all of these reasons, we find Appellant is not entitled to relief.

*Victim's Oral Unsworn Statement*

Appellant asserts his right to due process of law was violated when, over defense objection, the military judge considered an unsworn statement from the victim. We disagree.

Prior to hearing the unsworn statement, the military judge allowed the victim's special victim's counsel to present argument as to why the statement should be allowed under Article 6b, UCMJ, 10 U.S.C. § 806b. The government concurred the evidence was admissible and, after defense counsel objected, the military judge put on the record that she was persuaded that the intent of the Crime Victims' Rights Act (CVRA), 18 U.S.C § 3771, was to allow such evidence.[2] The military judge also stated that had the trial been a member's case, she would have given a tailored instruction for the unsworn statement; however, as a military judge sitting alone, she understood the limits of an unsworn statement and the weight given them. She did not conduct a Mil. R. Evid. 403 balancing test.

We review a military judge's admission or exclusion of evidence, including sentencing evidence, for an abuse of discretion. *United States v. Stephens*, 67 MJ 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). The admission of evidence in aggravation during sentencing is controlled by R.C.M. 1001(b)(4), which states the following:

---

[2] The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 11333, § 1701(b)(2)(A) (2013), incorporated the Crime Victims' Rights Act, 18 U.S.C. § 3771 (CVRA), into Article 6b, UCMJ, with immediate implementation taking place on 26 December 2013. The CVRA includes the right of all crime victims to be "reasonably heard" at sentencing.

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person . . . who was the victim of an offense committed by the accused . . . .

Furthermore, sentencing evidence is subject to the requirements of Mil. R. Evid. 403. *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)). When the military judge conducts a proper balancing test under Mil. R. Evid. 403 on the record, her ruling will not be overturned absent a clear abuse of discretion; the ruling of a military judge who fails to do so will receive correspondingly less deference. *Hursey*, 55 M.J. at 36*; Manns*, 54 M.J. at 166.

Appellant was sentenced on 25 March 2015. On 17 June 2015, the President signed Executive Order 13696 enacting R.C.M. 1001A. R.C.M. 1001A(b)(4)(B) defines the right to be reasonably heard as including the right for a victim to make an unsworn statement during sentencing in a non-capital case.

While at the time Appellant was sentenced, R.C.M. 1001A had not been promulgated to reflect the 2014 National Defense Authorization Act changes, it was clear based on case law that a victim had a right to be "reasonably heard." In *LRM v. Kastenberg*, 72 M.J. 364, 370 (C.A.A.F. 2013), CAAF found the victim's right to be "reasonably heard" included the reasonable opportunity to be heard on factual and legal grounds, which may include the right of a victim who is represented by counsel to be heard through counsel. *LRM* did not address the question of whether a victim was required to be sworn to provide aggravation evidence during a sentencing proceeding. However, Article 6b, UCMJ, mirrors the victims' rights afforded under the CVRA, and federal courts have interpreted these rights to include giving statements at sentencing hearings without being placed under oath.[3]

The content of the victim's unsworn statement in this case was proper aggravation evidence under R.C.M. 1001(b)(4). Though the military judge did not conduct a Mil. R. Evid. 403 balancing test, our review of the record reveals that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to Appellant. The military judge noted she understood the limits of an unsworn statement and the proper weight to assign it and she is presumed to know the law and apply it correctly absent clear evidence to the contrary. *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008);

---

[3] Some of the federal cases addressing this issue include: *United States v. Grigg*, 434 F.App'x 530, 533 (6th Cir. 2011) (unpub. op.) (citing *United States v. Myers*, 402 F. App'x 844, 845 (4th Cir. 2010)); *United States v. Swenson*, No. 1:13-cr-00091-BLW, 2014 U.S. Dist. LEXIS 115402, at *3-4 (D. Idaho Aug. 18, 2014); *United States v. Shrader*, No. 1:09-0270, 2010 U.S. Dist. LEXIS 121766, at *7–8 (S.D. W. Va. Nov. 16, 2010); and *United States v. Marcello*, 370 F. Supp. 2d 745, 750 (N.D. Ill. 2005).

*United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007); *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We find no such evidence.

Even though R.C.M. 1001 did not specifically give the victim the right to be heard in such a manner at the time of Appellant's trial, the military judge assessed that was the intent of the applicable federal statute. We find that this ruling and the admission of relevant victim impact evidence under R.C.M. 1001(b)(4) was not an abuse of her discretion.

Even were we to consider the military judge's admission of the victim's unsworn statement an abuse of discretion, Appellant has failed to show prejudice. The test for prejudice is whether the error substantially influenced the adjudged sentence. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009); *United States v. Griggs*, 61 M.J. 402, 410; *United States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001). It is not evident to us that hearing the victim's unsworn statement substantially influenced the sentence imposed by the military judge. Appellant was given an opportunity to rebut matters contained in the unsworn statement, and he did so by admitting text messages between himself and the victim, as well as photos of him and the victim that were sent to him by the victim, and portions of the victim's mental health and medical records. In light of the agreed-upon facts of the case, particularly those underlying the obstruction of justice charge, the military judge's imposed sentence of reduction to E-1, confinement for 45 days, and a bad-conduct discharge appears reasonable irrespective of the victim impact statement.

*Corrected Promulgating Order*

Although not alleged as an assignment of error, Appellant noted the initial court-martial order incorrectly states he was found guilty of Specification 2 of the Charge and the Charge, in violation of Article 120, UCMJ, when pleas and findings were entered under Article 128, UCMJ. We agree with Appellant that the court-martial order should have reflected he was found not guilty of aggravated sexual assault but guilty of the LIO, assault consummated by a battery. Similarly, in Specifications 1 and 3 of the Charge, the military judge entered a finding of not guilty on the record, instead of allowing the government to withdraw and dismiss these specifications with prejudice as directed by the PTA. We direct the publication of a new court-martial order to remedy these oversights.

*Sealing of Photographs and Medical Records*

The government has requested the photographs of the victim taken by Appellant during the assault consummated by a battery be sealed or destroyed along with the victim's medical records found in Appellant's sentencing package. Accordingly, the Clerk of the Court is directed to seal Investigating Officer (IO) Exhibit 1, pages 62–70; IO Exhibit 2; Appellate Exhibit XXIX, pages 28–36 and page 62; IO Exhibit 1, pages 137–146; and Defense Exhibit AI. The government is also directed to remove these pages from all other

copies of the record of trial, as required by Air Force Manual 51-203, *Records of Trial*, ¶ 6.3.4 (3 August 2016).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court