# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant EDISON C. ROBERTSON, JR.**
**United States Army, Appellant**

ARMY 20170022

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate (pretrial)
Colonel Andras M. Marton, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Benjamin A. Accinelli, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Brendan R. Cronin, JA; Captain Benjamin A. Accinelli, JA (on reply brief).

For Appellee:  Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Major Pamela Perillo, JA (on brief).

26 February 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

At issue in this appeal is whether two specifications of abusive sexual contact violated appellant's right to notice when the specifications did not contain language stating which theory of criminality the government was pursuing.  We find the specifications at issue meet the requirements of our notice-pleading jurisdiction.

An officer and enlisted panel sitting as a general court-martial convicted appellant, contrary to his plea, of two specifications of abusive sexual contact, one specification of assault consummated by a battery, and three specifications of indecent language, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 934 (2012 & Supp. III 2016).[1]  The panel

---

[1] Appellant was acquitted of two specifications of sexual assault.

sentenced appellant to a bad-conduct discharge, thirty days confinement, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, crediting appellant with seven days of confinement credit.

## BACKGROUND

While conducting a barracks inspection with Private First Class (PFC) BW, appellant grabbed PFC BW's uniform jacket, pulled her close then grabbed her buttocks, rubbed his genitals against her, and kissed her. Private First Class BW put her hands up between them and told him that she did not like men. Appellant backed off. As PFC BW proceeded with the room inspection, appellant asked her questions about the color of her pubic hair and the type of underwear she was wearing. Appellant said he did not care if she liked girls because he "like[d] girls too." A short time later, he again grabbed PFC BW's buttocks and attempted to kiss her.

The two specifications at issue here were charged as violations of Article 120, UCMJ, as follows:

> SPECIFICATION 4 (Abusive Sexual Contact): In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 15 June 2016, commit sexual contact upon [PFC BW], to wit: grabbing her buttocks with his hands, rubbing his genitals against her groin, and kissing her neck, by causing bodily harm to her, to wit: grabbing her uniform top with his hand.

> SPECIFICATION 5 (Abusive Sexual Contact): In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 15 June 2016, commit sexual contact upon [PFC BW], to wit: grabbing her buttocks with his hand and kissing her lips,[2] by causing bodily harm to her, to wit: grabbing her buttocks and kissing her lips without her consent.

The defense did not request a bill of particulars or raise any objections to the specifications at trial.

## LAW AND DISCUSSION

Specifications that are first challenged after trial are viewed with greater tolerance than those challenged at trial. *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986). "[W]here defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether

---

[2] The language "and kissing her lips" was dismissed by the military judge pursuant to a defense motion under Rule for Courts-Martial 917.

there is plain error . . . ." *United States v. Humphries*, 71 M.J. 209, 213 (C.A.A.F. 2012) (citing *United States v. Cotton*, 535 U.S. 625, 631-32 (2002)). The test for plain error is whether: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v Paige*, 67 M.J. 442, 449 (C.A.A.F. 2009) (internal quotation marks and citation omitted).

As our superior court reiterated in *United States v. Fosler*, the military is a notice pleading jurisdiction. 70 M.J. 225, 229 (C.A.A.F. 2011). "A charge and specification will be found sufficient if they, first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* (internal quotation marks and citations omitted). While the preference is for each element to be expressly pleaded, "[a] specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication . . . ." Rule for Courts-Martial 307(c)(3).

The statutory elements for the offense of abusive sexual contact by causing bodily harm are: (1) that the accused "commits or causes sexual contact upon another person" (2) by "causing bodily harm to that other person[.]" UCMJ art. 120(b)(1)(B), (d). The definition of "sexual contact" is:

> (A) touching, . . . either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with an intent to abuse, humiliate, or degrade any person; or
>
> (B) any touching, . . . either directly or through the clothing, any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person.

UCMJ art. 120(g)(2).

As can be plainly read, there are several different subjective intents that all are part of the definition of "sexual contact." Appellant contends the government *must* specifically allege which specific intent he had (i.e., either "to abuse, humiliate or degrade" or "to gratify [his] sexual desire"). Otherwise, appellant claims, the specifications are deficient and fail to give constitutionally required notice. In support of his heightened notice requirement, appellant argues his case is akin to the one before our superior court in *Fosler*.

We are unpersuaded *Fosler* compels the conclusion appellant asserts. *Fosler* allows for the elements of an offense to be stated either expressly or by necessary implication. 70 M.J. at 229. The court in *Fosler* examined the definition of "wrongfully" and concluded "[n]either the word 'wrongfully' nor similar words of

criminality can be read to mean or be defined as, for example, a 'disorder[ or] neglect[] to the prejudice of good order and discipline.'" *Id.* at 231. This is not the case here; the definition for "sexual contact" expressly contains the specific intent language.

We agree with the rationale our sister court provided in *United States v. Winston*, 2014 CCA LEXIS 757 (A.F. Ct. Crim. App. 8 Oct. 2014). There, when faced with the same issue, our sister court applied the findings of *United States v. Alston*, 69 M.J. 214 (C.A.A.F. 2010). Our sister court concluded that though the "statutory definition of sexual act contained two disjunctive factual predicates *and* the two specific intent alternatives at issue in this case, the *Alston* court did not find either of those two statutory alternatives were elements in the sense of providing notice to the accused of the allegations he was required to defend against." *Winston*, 2014 CCA LEXIS, at *9.

Appellant also raises the point that the government failed to follow the language of the model specifications. While correct, the model specifications are guidelines and not the law. In this case, though inartfully drawn, the specification was not legally defective.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4