**UNITED STATES**

v.

**Staff Sergeant David A. AGUILAR,
United States Air Force.**

**ACM 37545.**

U.S. Air Force Court of Criminal Appeals.

Sentence adjudged 2 July 2009.

30 March 2011.

Appellate Counsel for the Appellant: Lieutenant Colonel Gail E. Crawford, Major Shannon A. Bennett, and Captain Andrew J. Unsicker.

Appellate Counsel for the United States: Colonel Don M. Christensen, Major Coretta E. Gray, Major Charles G. Warren, Major Megan E. Middleton, and Gerald R. Bruce, Esquire.

Before BRAND, GREGORY, and ROAN, Appellate Military Judges.

OPINION OF THE COURT

GREGORY, Senior Judge:

The appellant was tried before a general court-martial composed of military judge alone on one charge with three specifications of sexual assault on two noncommissioned officers in his unit, Staff Sergeant (SSgt) SJF and SSgt JSG, in violation of Article 120, UCMJ, 10 U.S.C. § 920. Specification 1 alleged an aggravated sexual assault on SSgt SJF while she was substantially incapacitated; Specification 2 alleged rape by physical violence on the same SSgt SJF on the same night after she awoke. Specification 3 alleged aggravated sexual assault by causing bodily harm to SSgt JSG. The appellant pled

not guilty to the charge and all specifications, and the military judge returned with mixed findings: (1) not guilty of the aggravated sexual assault on SSgt SJF alleged in Specification 1, (2) not guilty of the rape of SSgt SJF alleged in Specification 2 but guilty of the lesser included offense of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928, and (3) not guilty of the aggravated sexual assault on SSgt JSG alleged in Specification 3 but guilty of the lesser included offense of abusive sexual contact. She sentenced the appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E–1. The convening authority approved the sentence adjudged.

The appellant initially assigned three errors, all submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether the evidence is sufficient to support a conviction of assault consummated by a battery under Specification 2,[1] (2) whether the evidence is sufficient to support a conviction of abusive sexual contact under Specification 3, and (3) whether a bad-conduct discharge is inappropriately severe. We specified an additional issue concerning the validity of the findings on the lesser included offense of assault consummated by a battery under Specification 2 in light of *United States v. Jones*, 68 M.J. 465 (C.A.A.F.2010).[2]

### Background

The appellant, SSgt SJF and SSgt JSG worked in the same squadron at Osan Air Base, Republic of Korea. SSgt SJF and the appellant attended a going away party for a squadron member in the spring of 2008. During the evening of bar-hopping, SJF became intoxicated. She recalled waking up in the appellant's hotel room and that sometime during the night he slapped her while saying that he was "master of this room." SSgt CLH testified that she saw a "pink sunburn looking area" on SSgt SJF's cheek the morn-

ing after the alleged assault and that SSgt SJF appeared "distraught." SSgt SJF did not recall having sex with the appellant, but felt sore the next day as if she had. The appellant testified that he and SSgt SJF had consensual sexual intercourse and denied striking her.

In June 2008, SSgt JSG attended a promotion party where she became intoxicated. She testified that after the party downtown she returned to her dormitory on base where she saw the appellant and congratulated him on his promotion to technical sergeant. The appellant noticed that she had hurt her hand and offered to take care of it. She went with him to his room where she fell asleep in a chair. The next thing she recalled was awaking in the appellant's bed with him trying to have sexual intercourse with her. When he was unable to penetrate her, he moistened his fingers and rubbed her genital area. She told him to stop but he did not. Saying she did not know what to do at that point and being somewhat afraid, she did not resist. SSgt JSG did not recall whether the appellant penetrated her vagina with his fingers but was certain that he penetrated her outer labia. The appellant eventually stopped, and SSgt JSG left his room. She went to a dormitory stairwell where she heard two of her squadron mates talking and reported to them what had just happened in the appellant's room. The appellant testified that he invited SSgt JSG to his room to watch a movie, they had consensual foreplay, but he stopped when she said to stop.

### Legal and Factual Sufficiency

In accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c), we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.2002). The test for legal sufficiency of the evidence is "'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable

1. The Assignment of Errors identifies this issue as pertaining to Specification 1, but the acquittal on Specification 1 and the substance of the appellant's argument show this to be a typographical error.

2. Government appellate counsel identified the possible application of *United States v. Jones*, 68 M.J. 465 (C.A.A.F.2010), in a footnote to the Answer to Assignment of Errors, and we specified the issue to permit both parties to fully address the issue.

doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F.2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F.2001). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. Review of the evidence is limited to the entire record, which includes only the evidence admitted at trial and exposed to the crucible of cross-examination. Article 66(c), UCMJ; *United States v. Bethea*, 46 C.M.R. 223, 224–25, 1973 WL 14486 (C.M.A.1973). With these standards in mind we turn to the evidence in this case.

■ Concerning the assault consummated by a battery on SSgt SJF, we find the evidence legally and factually sufficient to support the finding of guilt. Despite her intoxication on the night of the assault and the testimony of a defense expert concerning the effects of alcohol on memory, SSgt SJF did not equivocate in her testimony that she was awakened in the appellant's bed by the appellant hitting her on the face and telling her that he was "the master of this room." SSgt CLH saw discoloration on SSgt SJF's cheek the next morning that is consistent with the injury. Considering the evidence in the light most favorable to the prosecution, the testimony is legally sufficient to support the military judge's finding of guilt beyond a reasonable doubt of assault consummated by a battery. Turning to factual sufficiency, having weighed the evidence in the record and having made allowances for not having personally observed the witnesses, we are likewise convinced beyond a reasonable doubt that the appellant is guilty of assault consummated by a battery on SSgt SJF.

■ Turning to the conviction of abusive sexual contact on SSgt JSG, SSgt JSG did not recall whether the appellant penetrated her vagina with his fingers but was certain that he penetrated her outer labia. The appellant corroborates this essential element in testimony that he wet his fingers and touched SSgt JSG in her genital area. As often occurs in cases such as this, the dispute at trial focused on consent. SSgt JSG testified that she rejected the appellant's sexual advances when she awoke in his bed:

> I told him that I didn't want to do anything like that and that I wanted to go up to my room and go to sleep. And when I got up to try and go, he put his arm around my torso and pushed me back down.

She explained that her fear of resisting him stemmed from a previous abusive marriage in which resistance to physical abuse only resulted in greater harm. SSgt JSG testified that upon leaving the room she went to a stairwell where she reported what happened to a fellow Airman, Senior Airman (SrA) CPB.

SrA CPB confirms that after SSgt JSG left the appellant's room, she went to a stairwell and reported to him that she had been sexually assaulted, telling SrA CPB, "I think I've been raped." On cross-examination, SrA CPB testified about SSgt JSG's statements to him relating other details of the evening, including: (1) that she met the appellant outside the dormitory upon her return from downtown, (2) that she went to his room, (3) that she fell asleep there in a chair, and (4) that she awoke in his bed as he tried to force himself on her.

The appellant testified that his touching of SSgt JSG was "absolutely" consensual. He acknowledged that SSgt JSG protested, but explained how he viewed the situation:

> And I just thought it was kind of—I don't know—drama. You know, I guess in my experience some girls have said I—you know, you got to show that you're really interested in them.

On cross-examination, trial counsel confronted the appellant squarely on the issue of consent:

> Q: She said, "I can't do this to my husband" and you did it anyway, and then you assumed that she accused you of rape?

A: Yes, sir.

As he did at trial, the appellant also raises potential inconsistencies concerning how much SSgt JSG had to drink the night of the assault as well as various details of the incident that she related to her husband. The appellant essentially renews his argument that her recent marriage gave SSgt JSG a motive to lie.

Viewed in the light most favorable to the prosecution, the evidence is legally sufficient to support the findings of guilt. The testimony of SSgt JSG that she was assaulted by the appellant, the appellant's admission that he touched her genital area, and the testimony of SrA CPB concerning the actions of SSgt JSG after leaving the appellant's room show that the evidence is legally sufficient to support the finding of guilt of abusive sexual contact. We also find the evidence factually sufficient. Having considered the evidence in the record with particular attention to the motives and inconsistencies highlighted by the appellant, we do not find the proof lacking. SSgt JSG candidly described what did and, perhaps more importantly, did not happen in the appellant's room. If the appellant's argument concerning her motive to lie were correct, she could have easily claimed that he penetrated her vagina with his fingers as charged, but she did not. She could have easily claimed that his penis penetrated her, but she did not. She could have easily just walked back to her room and told no one, but she did not. Weighing the evidence in the record and making allowances for not having personally observed the witnesses, we, like the military judge, are convinced beyond a reasonable doubt that the appellant committed the offense of abusive sexual contact.

### Assault Consummated by a Battery as a Lesser Included Offense

■ Neither party at trial requested that the military judge consider assault consummated by a battery as a possible lesser included offense of the charged rape by physical violence as alleged in Specification 2 of the charge, but both parties agreed that the military judge could properly consider any lesser included offenses raised by the evidence. As stated above, the military judge found the appellant not guilty of the charged rape by physical violence but guilty of the lesser included offense of assault consummated by a battery in violation of Article 128, UCMJ. Prompted by appellate government counsel's reference to the possible impact of our superior court's recent decision in *Jones,* 68 M.J. 465, on this finding, we specified the issue.

In *Jones,* the court returned to an elements test to determine whether one offense is a lesser included offense of another. *Id.* Emphasizing an accused's due process right to know the charges against him, the Court found that simply listing an offense as a lesser included offense in the *Manual for Courts–Martial, United States (MCM), Part IV* (2008 ed.), is insufficient if the two offenses do not have common elements. *Jones,* 68 M.J. at 471. Applying this rationale to a charged offense of rape under Article 120, UCMJ, and a lesser included offense of indecent acts under Article 134, UCMJ, 10 U.S.C. § 834, specified in the *Manual,* the Court found that indecent acts was not a lesser included offense since rape does not include any of the elements of indecent acts. *Jones,* 68 M.J. at 473.

Several months later in *United States v. Alston,* 69 M.J. 214 (C.A.A.F.2010), the Court returned to the issue of lesser included offenses in a decision involving whether aggravated sexual assault is a lesser included offense of rape by force. Writing for a unanimous court in affirming the conviction on the lesser included offense, Chief Judge Effron explained that the elements test does not require identical statutory language but involves an application of normal principles of statutory construction. *Id.* at 216. Noting that the force as alleged in the charged rape includes use of physical violence and that the bodily harm required for aggravated sexual assault includes any offensive touching, the Court determined that the bodily harm required for aggravated sexual assault is a subset of the force required for the charged rape: "Applying the common and ordinary understanding of the words in the statute, each act of force described in Article 120(t)(5)(C) [applicable to rape by force], at a minimum, includes an offensive touching that

satisfies the bodily harm element of Article 120(t)(8) [applicable to aggravated sexual assault]." *Id.* This rationale squarely applies to the lesser included offense in the present case.

Here, the appellant was charged with rape by force and the military judge found him guilty of the named lesser included offense of assault consummated by a battery in violation of Article 128, UCMJ. *MCM*, Part IV, ¶ 45.d.(1)(c). As in *Alston*, the force required for the charged rape includes physical violence. *Alston*, 69 M.J. at 215; *MCM*, Part IV, ¶ 45.a.(t)(5)(C). The force required for the named lesser included offense of assault consummated by a battery requires that bodily harm be inflicted with unlawful force or violence. *MCM*, Part IV, ¶ 54.b.(2)(b).

The evidence at trial involved one act of physical violence by the appellant on SSgt SJF, a strike to her face. That act standing alone would be a battery, but if that same act were sufficient to compel an act of sexual intercourse it would be rape by force. Applying the normal principles of statutory construction, the two offenses clearly share this common element: that the appellant did bodily harm to SSgt SJF with unlawful force or violence. The greater offense of rape additionally requires that this force cause another to engage in a sex act. *MCM*, Part IV, ¶ 45.b.(1)(a). As appellate government counsel correctly argues in his Answer to Assignment of Errors, because the appellant was on notice to defend against an act of violence that compelled sexual intercourse, he must have been on notice to defend against the act of violence itself. Applying the principles of *Jones* and *Alston* to the present case, we find that the military judge properly considered assault consummated by a battery as a lesser included offense of the charged rape by force.

*Sentence Appropriateness*

■ We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F.2005). We make such determinations in light of the character of the offender, the nature and seriousness of his offenses, and the entire record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F.Ct.Crim.App.2006), *aff'd*, 65 M.J. 35 (C.A.A.F.2007). Additionally, while we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F.1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A.1988); *United States v. Dodge*, 59 M.J. 821, 829 (A.F.Ct.Crim.App.2004), *aff'd in part and rev'd in part on other grounds*, 60 M.J. 368 (C.A.A.F.2004).

Citing his fifteen years of outstanding service, his good military character, and the multiple character letters submitted in sentencing, the appellant argues that a bad-conduct discharge is inappropriately severe. The military judge who sentenced him and the convening authority who approved that sentence each considered all this evidence. While these matters are appropriate considerations in clemency, they do not show that the appellant's sentence is inappropriately severe.

The findings of the court show that the appellant twice took advantage of fellow non-commissioned officers in his squadron when prior consumption of alcohol had made each vulnerable and that twice he committed acts of physical violence on women who could not defend themselves. In these circumstances, the appellant failed to demonstrate the qualities of noncommissioned officer leadership that had earned him the respect evident in the many letters submitted on his behalf. This failure tarnished his service and left lasting scars on the noncommissioned officers he assaulted. Having considered the sentence de novo in light of the appellant's character, the nature and seriousness of his offenses, and the entire record of trial, we do not find the appellant's sentence inappropriately severe.

*Conclusion*

The approved findings and the sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000).

Accordingly, the approved findings and the sentence are

AFFIRMED.