# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 40130

————————————

### UNITED STATES
*Appellee*

**v.**

### Daionte K. SCOTT
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 May 2022

————————————

*Military Judge:* Sterling C. Pendleton.

*Sentence:* Sentence adjudged 29 March 2021 by GCM convened at Ramstein Air Base, Germany. Sentence entered by military judge on 31 May 2021: Dishonorable discharge, confinement for 21 months, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel Todd J. Fanniff, USAF; Major Spencer R. Nelson, USAF.

*For Appellee:* Major Joshua M. Austin, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and MEGINLEY, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge KEY and Judge MEGINLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

A general court-martial composed of a military judge convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of aggravated assault upon a child in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The military judge sentenced Appellant to a dishonorable discharge, 21 months of confinement, reduction to the grade of E-1, and a reprimand. The convening authority took "no action" on the findings or sentence.[2]

On appeal, Appellant raises one issue: whether Appellant's sentence is inappropriately severe.[3] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty service on 19 October 2016 and was assigned to the 86th Maintenance Squadron at Ramstein Air Base, Germany. Appellant was married to TS and the couple had two children. Their youngest child, RS, was born in May 2019. As Appellant described to the military judge, he was holding his two-month-old son, RS, in his lap in July 2019. Appellant explained that RS was fussy, kicking his legs, and crying. Appellant admitted that he felt overwhelmed and that he placed both of his hands around RS's torso and squeezed him with a significant amount force out of frustration. He explained that his actions caused RS to cry even harder.

A couple of weeks later, around 4 August 2019, Appellant was attempting to feed RS in the living room of their off-base residence. Appellant described for the military judge that RS was again fussy, not eating, and had vomited while Appellant was holding him at one point. After RS vomited, Appellant described feeling overwhelmed and that he again grabbed both of RS's arms out of frustration and squeezed him. He then explained that he bent over to retrieve some items with RS still in his arms, which put additional pressure on RS's left arm. Appellant stated that he then took RS out of the swaddle, "[j]ust

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement (PA) provided a minimum term of confinement of 12 months and a maximum term of confinement of 27 months for each specification, with all periods of confinement to run concurrently. The PA also required that the sentence include at least a bad-conduct discharge, with the possibility that a dishonorable discharge could be adjudged. There were no other limitations on the sentence.

[3] The issue was raised by Appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

to see if [RS] would eat better that way," and that is when he noticed RS's left arm was limp. At that point TS, who had been asleep, heard RS crying and came into the living room. Appellant told TS that something was wrong with RS's arm. TS then took RS to the Landstuhl Regional Medical Center, and a full body X-ray was taken. The X-rays showed that RS suffered a spiral fracture to his left humerus, between his elbow and the shoulder, and that he also had five bilateral rib fractures—three on his left side and two on his right.

During presentencing the Government presented testimony from Lieutenant Colonel (Lt Col) HA, who the military judge recognized as an expert in the field of forensic pediatrics. Lt Col HA generally discussed that the type of injury to RS's ribs would have caused significant pain, and would have made it uncomfortable to breathe. Additionally, he testified that the injuries to RS's ribs were caused by squeezing and that the injury to RS's arm required the application of excessive force.

## II. DISCUSSION

Appellant contends that his sentence is inappropriately severe in light of the mitigating evidence that he presented regarding his own father's absence while he was child. Specifically, Appellant argues that his father's absence left him with "a permanent scar" that caused him to engage in inappropriate behavior when distressed. Additionally, Appellant contends that he did not seek mental health treatment due to the culture in the military of not wanting to appear weak. We are not persuaded by Appellant's arguments and find that no relief is warranted.

### A. Additional Background

During presentencing, Appellant offered a written unsworn statement where he described his difficult childhood and the fact that his father was mostly absent. Appellant also made a verbal unsworn statement to the military judge where he took responsibility for his criminal conduct, expressed remorse for his crimes, and provided apologies to his son, wife, and mother for the pain that he caused. Appellant presented no other evidence.

### B. Law

"We review sentence appropriateness de novo." *United States v. Datavs*, 70 M.J. 595, 604 (A.F. Ct. Crim. App. 2011) (citing *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005)), *aff'd*, 71 M.J. 420 (C.A.A.F. 2012). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). While we have great discretion in determining whether a sentence is appropriate, we are not

authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

**C. Analysis**

We have conducted a thorough review of Appellant's entire court-martial record, including both his written and oral unsworn statements, his enlisted performance report, and the materials submitted by Appellant during clemency. We conclude that the nature and seriousness of the offenses clearly support the adjudged sentence.

Here, Appellant intentionally assaulted his infant son on multiple occasions. Appellant admitted to squeezing RS with enough force to break five of his ribs and to fracturing his son's left arm a couple of weeks later. Appellant's actions caused RS significant pain and made it uncomfortable for him to breathe. Appellant's criminal behavior showed a gross disregard towards the safety of his infant son. We also note that Appellant cited no legal precedent or authority to support his contention that his sentence is inappropriately severe. Appellant's argument and analysis on appeal is similar to his unsworn statements and matters he provided to the convening authority during clemency. "While these matters are appropriate considerations in clemency, they do not show that the appellant's sentence is inappropriately severe." *United States v. Aguilar*, 70 M.J. 563, 567 (A.F. Ct. Crim. App. 2011). We find Appellant's recitation of these prior arguments amounts to another attempt at clemency, which is not an authorized function of this court. *See Nerad*, 69 M.J. at 146.

Understanding we have a statutory responsibility to affirm only so much of the sentence that is correct and should be approved, Article 66(d), UCMJ, 10 U.S.C. § 866(d), we conclude that the sentence is not inappropriately severe and we affirm the sentence adjudged.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court